UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-192-R

BRUCESTAN T. JORDAN,                                                                                      PLAINTIFF

v.

ARAMARK, et. al.,

**OPINION & ORDER**

This matter comes before the Court on Defendant Aramark's Motion to Dismiss (Docket #9). The Plaintiff, Brucestan Jordan ("Jordan"), has not responded, and his response was due by March 5, 2007. This matter is now ripe for adjudication. For the following reason, Aramark's Motion to Dismiss is **GRANTED**.

**BACKGROUND**

Jordan, a prisoner at the Warren County Regional Jail, alleges that the Defendant, who helps run correctional services in Kentucky, committed extortion against the Plaintiff on July 26, 2006; committed multiple counts of price "guiling" against the Plaintiff on July 26, 2006; and created a monopoly in violation of federal acts, which included violating fair trade laws and illegally restraining competition. The Plaintiff claims that these alleged actions resulted in: the loss of his $250,000.00 home; his child suffering from malnutrition; and his family experiencing emotional losses.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The Defendant contends that the Plaintiff's complaint against Aramark fails as a matter of law for three (3) reasons: 1) insufficient process and insufficient service of process under FRCP 4 warrants dismissal of the complaint; 2) the Plaintiff has failed to pay the filing fee, and therefore, the claims against Aramark should be dismissed; and, 3) the Plaintiff has failed to state a claim upon which relief can be granted because his amended complaint does not properly plead a case for extortion, price "guiling" or monopolies and restraints on competition. While the Plaintiff may not have properly served and/or failed to pay the filing fee, at this juncture, the Court shall only address the third argument submitted by the Defendant that the Plaintiff failed to state a claim upon which relief can be granted.[1] The Court shall address the third argument

---

[1] While the Court recognizes that failure to properly serve a defendant and/or pay a filing fee can result in the dismissal of the case, the instant matter involves a *pro se* litigant, and courts generally grant leniency to *pro se* litigants when dealing with pleading matters. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). As such, the Court will not address the alleged errors in the pleadings at this time.

submitted by the Defendant and shall discuss all three (3) claims separately.

### 1. Claim for Extortion

In the Plaintiff's complaint, he alleges that Aramark "extorted" him, but does not specify how it went about doing so.  Black's Law Dictionary defines extortion as "[t]he act or practice of obtaining something or compelling some action by illegal means, as by force or coercion." BLACK'S LAW DICTIONARY, 266 (2d. Pocket ed. 2001).  No common law civil claim for extortion exists in Kentucky.  While certain state and federal statutes, such as RICO, provide civil remedies for activities that may amount to extortion, the Plaintiff has not specified what statute the Defendant has allegedly violated.  Accordingly, the Plaintiff has not plead a proper claim against Aramark, and therefore, his extortion claim is dismissed for failure to state a claim upon which relief may be granted.

### 2. Claim for Price Guiling

Under both federal and state law, the Court has found no claim for "price guiling." Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted.

### 3. Claim for Creation of a Monopoly, Through a Violation of Fair Trade and Illegal Restraints on Competition

Similar to his claim for extortion, the Plaintiff has not stated what statute the Defendant violated in creating a monopoly, through violating fair trade and restraining competition.  In addition, even assuming that the Plaintiff has stated a claim against the Defendant under the Sherman Antitrust Act and/or Clayton Antitrust Act, the Plaintiff must state some facts that show the Defendant violated the law, and must make more than a "bald assertion" that the Defendant violated a statute. *See Dry v. Methodist Medical Center of Oak Ridge, Inc.*, 893 F.2d 1334, *4-5

(6th Cir. 1990); *Indeck Energy Services, Inc. v. Consumers Energy Co.*, 250 F.3d 972, 976 (6th Cir. 2000)(noting that "[u]nder Sixth Circuit case law, 'it is not enough for the plaintiff to claim economic injury: 'Plaintiffs must prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful.' *Valley Prods. Co., Inc. v. Landmark, A Div. of Hospitality Franchise Sys., Inc.*, 128 F.3d 398, 402 (6th Cir.1997).").  Here, the Plaintiff has neither how Aramark violated antitrust laws, nor cited any action that the Defendant has committed that would amount to a violation of antitrust or fair trade laws.  Accordingly, the Plaintiff has not plead a proper claim against Aramark, and therefore, his claim against Aramark alleging the creation of a monopoly, through violating fair trade and restraining competition, is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, Defendant Aramark's Motion to Dismiss (Docket #9) is **GRANTED**.